Filed 1/19/23  P. v. Leighton CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. KENNETH C. LEIGHTON, Defendant and Appellant. | B320082 (Los Angeles County Super. Ct. No. BA226413-01) |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Larry P. Fidler, Judge.  Affirmed.

Susan Morrow Maxwell, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

A jury in 2003 convicted Kenneth C. Leighton of the first degree murder of Jamie Navaroli and April Mahoney, two witnesses who were going to testify against Leighton in a burglary case. On March 5, 2019 the superior court denied Leighton's petition for resentencing pursuant to Penal Code section 1172.6 (former section 1170.95),[1] ruling, in part, because Leighton was not tried on a theory of felony murder or pursuant to the natural and probable consequences doctrine, he had failed to make a prima facie case for relief. We affirmed that order on appeal. (*People v. Leighton* (Apr. 9, 2020, B297093).) On March 29, 2022 the superior court summarily denied Leighton's subsequent postjudgment petition for resentencing pursuant to section 1172.6, ruling Leighton could not file successive petitions asserting the same claims and seeking the same relief.

No arguable issues have been identified following review of the record by Leighton's appointed appellate counsel. We also have identified no arguable issues after our own independent review of the record and analysis of the contentions presented by Leighton in his supplemental brief. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

1. *Leighton's Convictions for Special-circumstance murder*

Leighton and Randall Williams were charged in an information filed in February 2002 with the 1998 murders of Navaroli and Mahoney (§ 187, subd. (a)) with special-circumstance allegations that each victim was a witness to a crime who was intentionally killed for the purpose of preventing testimony in a criminal proceeding (§ 190.2, subd. (a)(10)), each victim was intentionally killed by lying in wait (§ 190.2,

---

[1] Statutory references are to the Penal Code.

subd. (a)(15)), and each defendant had been convicted of more than one offense of murder in the first or second degree (§ 190.2, subd. (a)(3)). It was further alleged that Williams had personally and intentionally discharged a firearm, proximately causing the deaths of Navaroli and Mahoney (§ 12022.53, subd. (d))—that is, that Williams, not Leighton, was the shooter.

Leighton was convicted of both murders, and the jury found true all three special-circumstance allegations. Leighton was sentenced to two consecutive life-without-parole state prison terms. We affirmed the convictions on appeal with a minor modification to the sentence. (*People v. Leighton* (June 27, 2006, B166126 [nonpub. opn.].)[2]

2. *The January 22, 2019 Petition for Resentencing*

Leighton filed his first petition for resentencing under former section 1170.95 on January 22, 2019, shortly after the effective date of Senate Bill No. 1437 (Stats. 2018, ch. 1015) (Senate Bill 1437).[3] The petition was heard by Judge Larry P.

---

[2] Williams was convicted of the special-circumstances murders of Navaroli and Mahoney in a separate jury trial and given the same sentence as Leighton.

[3] As is now well-known, Senate Bill 1437 modified the law relating to accomplice liability for murder, eliminating the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder (*People v. Gentile* (2020) 10 Cal.5th 830, 842-843) and narrowing the felony-murder exception to the malice requirement for murder. (§§ 188, subd. (a)(3), 189, subd. (e); see *People v. Strong* (2022) 13 Cal.5th 698, 707-708; *People v. Lewis* (2021) 11 Cal.5th 952, 957.) Senate Bill 1437 also authorized an individual convicted of felony murder or murder based on the natural and probable consequences doctrine to petition to vacate the conviction and be resentenced on any

Fidler, who had presided at Leighton's trial. The court denied the petition without appointing counsel or allowing briefing, ruling Leighton had failed to make a prima case for relief. The court explained, "In the murders for which [Leighton] was convicted, the murders were found to be willful, deliberate and premeditated. [¶] [Leighton] solicited [Williams] to murder two witnesses against him in a burglary case. [¶] Two special circumstances were found true—murder of a witness and lying in wait. [¶] The case was not tried on a theory of either felony murder or natural and probable consequences. [Leighton] was an aider and abettor and a major participant."

We affirmed the order on appeal, emphasizing that Leighton did not contend he had been convicted of felony murder or under the natural and probable consequences doctrine or the superior court had erred in ruling he aided and abetted two special-circumstance murders. Rather, he argued only that the superior court could not deny a facially valid petition for resentencing under former section 1170.95 without first appointing counsel and affording the petitioner an opportunity to be heard. (*People v. Leighton*, *supra*, B297093.) We rejected that claim based on decisions from this and other courts of appeal holding the superior court, before appointing counsel, could examine readily available portions of the record of conviction to determine whether the petitioner had made a prima facie showing he or she came within the ambit of the statute—an interpretation the Supreme Court subsequently disapproved in *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*).

---

remaining counts if he or she could not now be convicted of murder because of these changes to the definitions of the crime. (See *Strong*, at p. 708; *Lewis*, at p. 957; *Gentile*, at p. 843.)

4

The Supreme Court granted Leighton's petition for review on June 24, 2020 and deferred further action pending its decision in *Lewis*. (See *People v. Leighton*, S262173.) On February 16, 2022, slightly more than six months after its decision in *Lewis*, the Supreme Court dismissed its grant of review in Leighton's case—that is, the Court left in place our decision affirming the denial of Leighton's petition.

### 3. *The May 14, 2019 Petition for Resentencing*

Leighton apparently filed a combined petition for writ of habeas corpus pursuant to *People v. Banks* (2015) 61 Cal.4th 788 and for resentencing under section 1172.6 on May 14, 2019. The superior court summarily denied the petition, explaining identical claims had been considered and denied on March 5, 2019 and Leighton had not alleged any facts establishing an exception to the rule barring reconsideration of claims previously rejected in a postjudgment writ petition. Additional claims directed to evidentiary rulings made at Leighton's trial were denied because they had been raised and rejected on direct appeal.

### 4. *The March 14, 2022 Petition for Resentencing*

On March 14, 2022 Leighton filed yet another petition for resentencing pursuant to section 1172.6. On March 28, 2022 Judge Fidler denied the petition without appointing counsel, noting this court had affirmed the order denying Leighton's first section 1172.6 petition and ruling Leighton was not entitled to file successive petitions.

Leighton filed a timely notice of appeal.[4]

---

[4] Leighton also filed (unnecessarily) a request for a certificate of probable cause in which he argued our decision affirming the order denying his original petition for resentencing

5

## DISCUSSION

In accord with the procedures described in *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted October 14, 2020, S264278, we appointed counsel to represent Leighton on appeal. After reviewing the record, appointed counsel did not identify any arguable issues and so informed this court. Appointed counsel advised Leighton on December 6, 2022 that she was filing a brief stating she was unable to find arguable issues and that he could personally submit any contentions he believed the court should consider.

On January 6, 2023 we received a six-page typed supplemental brief from Leighton in which he argued our prior decision affirming the superior court's denial of his initial petition for resentencing should not preclude his subsequent petition because the superior court in 2019 failed to follow the procedures for appointment of counsel and briefing set forth in *Lewis*, *supra*, 11 Cal.5th 952 and Senate Bill No. 775 (Stats. 2021, ch. 551, § 2) (Senate Bill 775) and the Supreme Court's decision in *People v. Strong* (2022) 13 Cal.5th 698 held a felony-murder special-circumstance finding made prior to the decisions in *People v. Banks*, *supra*, 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522 does not preclude a prima facie showing for resentencing under section 1172.6. Neither contention has any arguable merit.

Leighton is correct that the superior court erred in 2019 in determining he failed to carry his burden of making a prima facie case for relief without first appointing counsel, requiring the

---

was inconsistent with the holding of *People v. Lewis*, *supra*, 11 Cal.5th 952, as well as with the amendments to section 1172.6 made by Senate Bill No. 775 (Stats. 2021, ch. 551, § 2).

prosecutor to file a response to the petition and providing Leighton's appointed counsel with an opportunity to file a reply, as required by *Lewis*, *supra*, 11 Cal.5th 952 and Senate Bill 775. However, the *Lewis* Court held a superior court's procedural errors prior to assessing whether a petitioner has made a prima facie showing of entitlement to relief pursuant to section 1172.6, subdivision (c), is state law error only, reviewable for prejudice under the harmless error standard of *People v. Watson* (1956) 46 Cal.2d 818. (*Lewis*, at pp. 957, 973-974.) Specifically, "a petitioner 'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing."'" (*Lewis,* at p. 974.) Moreover, although the superior court may not engage in judicial factfinding or make credibility decisions prior to issuing an order to show cause, under *Lewis*, "[t]he record of conviction will necessarily inform the trial court's prima facie inquiry under [former] section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, at p. 971.)

Here, the jury could find Leighton guilty of special-circumstance murder pursuant to section 190.2, subdivision (a)(10) (intentional killing of a witness to prevent testimony) and (a)(15) (intentional killing by lying in wait), only if it found he had acted with the intent to kill—either as the actual killer of Navaroli and Mahoney or, pursuant to section 190.2, subdivision (c), as a person "who, with the intent to kill, aids, abets, counsels, commands, induces, solicits, requests, or assists any actor in the commission of murder in the first degree . . . [when] one or more of the special circumstances

7

enumerated in subdivision (a) has been found to be true."[5]  As such, the record of conviction conclusively established that Leighton's petition was meritless and any procedural errors in denying his petition—either in 2019 or 2022—were harmless. (See *People v. Harden* (2022) 81 Cal.App.5th 45, 56 [petition for resentencing may be summarily denied when, without weighing conflicting evidence or making credibility determinations, jury's findings irrefutably established petitioner's ineligibility for relief as a matter of law].)

Similarly, although Leighton accurately summarizes the holding of *People v. Strong*, *supra*, 13 Cal.5th 698, that decision has no bearing on Leighton's failure to make a prima facie case for relief.  As discussed, the special-circumstance findings in his case were for killing witnesses, lying in wait and multiple murders.  There was no felony-murder special-circumstance finding.

Because no cognizable legal issues have been raised by Leighton's appellate counsel or by Leighton or identified in our independent review of the record, the order denying his petition

---

[5]     The current language of section 190.2, subdivision (c), requiring proof of an intent to kill for a special-circumstance finding for a person not the actual killer was identical in 1998, when the murders were committed; 2002, when Leighton was charged with the murders; and 2003, when he was tried and convicted.  The only exception is set forth in section 190.2, subdivision (d), which permits a felony-murder special-circumstance finding upon proof the person who solicited or assisted in one of the serious felonies listed in section 190.2, subdivision (a)(17), was a major participant in that crime and acted with reckless indifference to human life.  (See generally *People v. Mil* (2012) 53 Cal.4th 400, 408-409.)

8

for resentencing is affirmed.  (See *People v. Cole, supra,* 52 Cal.App.5th at pp. 1039-1040, review granted; see also *People v. Serrano* (2012) 211 Cal.App.4th 496, 503; see generally *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The postjudgment order is affirmed.


                                        PERLUSS, P. J.

We concur:



SEGAL, J.



FEUER, J.